



FILED

Mar 26 2026, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Robert Bruce Cole,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

March 26, 2026

Court of Appeals Case No.
25A-CR-1996

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-2403-F4-11

---

**Opinion by Chief Judge Tavitas**
Judges Weissmann and Foley concur.

**Tavitas, Chief Judge.**

## Case Summary

Robert Cole appeals his conviction for child molesting, a Level 4 felony. Cole argues that the trial court abused its discretion by admitting a forensic interview of the victim in this case ("Victim") after finding that Victim was a protected person and unavailable as a witness under the Protected Person Statute, Indiana Code Section 35-37-4-6. We conclude that the trial court did not abuse its discretion by admitting Victim's forensic interview. Accordingly, we affirm.

## Issue

Cole raises one issue, which we restate as whether the trial court abused its discretion by admitting a forensic interview of Victim.

## Facts

During a forensic interview in February 2024, Victim reported that "Bob" touched Victim's penis over his clothing. State's Ex. 1 at 9:00-9:54. Bob was later identified as Cole, who was Victim's neighbor. During an interview with law enforcement, Cole admitted that he touched Victim "where [he] really shouldn't have . . . on his penis." State's Ex. 3R at 12:54.

On March 12, 2024, the State charged Cole with child molesting, a Level 4 felony. The State also alleged that Cole was an habitual offender.

The State filed a motion to introduce Victim's forensic interview at trial, and the trial court held a Protected Person Statute hearing. Victim testified

remotely at the hearing and stated that Cole "touched [his] private part" over his clothing. Tr. Vol. II p. 86. Cole was given the opportunity to cross-examine Victim, but he declined.

[6] A family case manager with the Department of Child Services testified that Victim was removed from his mother's care in April 2025 due to neglect and abuse in the home and has been placed in hospitals, facilities, and intensive foster care services. Victim has suffered physical abuse and sexual abuse other than the sexual abuse from Cole. Victim "struggles with a lot of trauma," depression, and suicidal ideation; "has a lot of outbursts because of" the trauma; and is "fairly fragile"— "a lot . . . has happened to him in a short amount of time." *Id.* at 94, 99. The family case manager was concerned about Victim testifying because "every bit of trauma that we add to this makes it that much worse for him." *Id.*

[7] Melinda Eisenbise, the "wrap facilitator"[1] for Victim's family, testified that Victim has experienced destructive behaviors, self-mutilation, and suicidal ideation. When Eisenbise drove Victim to a meeting with the prosecutor regarding this matter, Victim was dizzy, nauseous, and "just really nervous" on the way there. *Id.* at 121. Subsequently, Victim had five "acute stays"[2] in

---

[1] Eisenbise testified that a wrap facilitator works with families and children who have mental health issues and monitors their care.

[2] An acute stay "can be anywhere between three, three days to less than a month." Tr. Vol. II p. 121. On the other hand, a residential stay is "six months or more, typically." *Id.*

facilities due to his mental health and was then referred for a diagnostic evaluation. *Id.* at 122. According to Eisenbise, discussing any sexual abuse is a trigger for Victim, and Victim gets "extremely physically ill over it." *Id.* at 123. Eisenbise did not feel that testifying would be "a good thing" for Victim. *Id.*

[8] A clinical psychologist testified that she performed a diagnostic evaluation of Victim. She diagnosed Victim with having experienced physical and sexual abuse; post-traumatic stress disorder; major depressive disorder; panic disorder; and sensory integration disorder. Victim's panic attacks involve "difficulty breathing, shaking, wanting to run, getting angry, [and] lashing out . . . ." *Id.* at 103. When asked about sexual abuse that he endured, Victim refused to discuss the abuse, paced about the room, and then left the room. Victim has thoughts about hurting himself. The psychologist had "significant concerns" regarding Victim's ability to testify in front of Cole and the jury. *Id.* at 108. She believed Victim would be triggered by "that kind of pressure," and she was unsure "what kind of behaviors you might see out of him because of that pressure." *Id.* at 108.

[9] The trial court granted the State's motion and found that: (1) Victim was a protected person; (2) his forensic interview was sufficiently reliable; and (3) Victim was unavailable for trial "because his testimony in the physical presence of [Cole] will cause him to suffer serious emotional distress such that he cannot reasonably communicate." Appellant's App. Vol. II p. 201. Accordingly, the trial court concluded that Victim's forensic interview was admissible at trial.

[10] A jury trial was held in June 2025, and Victim's forensic interview was admitted at trial over Cole's objection. Cole testified and denied touching Victim, but Cole also testified that he falsely told law enforcement that he touched Victim to spur an investigation into the abuse in Victim's household. The jury found Cole guilty as charged. Cole waived his right to a jury trial regarding the habitual offender enhancement, and the trial court found that Cole was an habitual offender. The trial court sentenced Cole to eight years in the Department of Correction for the child molesting conviction, enhanced by six years for Cole's status as an habitual offender. Cole now appeals.

## Discussion and Decision

[11] Cole challenges the trial court's admission of Victim's forensic interview pursuant to the Protected Person Statute. According to Cole, Victim did not qualify as "unavailable" under the Statute. We review challenges to the admission of evidence for an abuse of the trial court's discretion. *Combs v. State*, 168 N.E.3d 985, 990 (Ind. 2021). We will reverse only when the decision is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Clark v. State*, 994 N.E.2d 252, 259-60 (Ind. 2013).

[12] Our Supreme Court has cautioned that the Protected Person Statute "impinges upon the ordinary evidentiary regime," which requires trial courts to exercise "a special level of judicial responsibility." *Carpenter v. State*, 786 N.E.2d 696, 703 (Ind. 2003). The Protected Person Statute "lists certain conditions under which evidence that would otherwise be inadmissible will be allowed in cases

involving certain crimes against 'protected persons.'" *Setlak v. State*, 234 N.E.3d 215, 219 (Ind. Ct. App. 2024) (quoting *Shoda v. State*, 132 N.E.3d 454, 462 (Ind. Ct. App. 2019)), *trans. denied*. "Among the crimes to which the protected person statute applies are sex crimes under Indiana Code chapter 35-42-4, which includes child molesting." *Id.* A "protected person" is defined as including "a child who is less than fourteen (14) years of age at the time of the offense but less than eighteen (18) years of age at the time of trial." I.C. § 35-37-4-6(c)(1).

[13] The Protected Person Statute provides, in relevant part:[3]

> (e) A statement or videotape that:
>
>> (1) is made by a person who at the time of trial is a protected person, as defined in subsection (c);
>>
>> (2) concerns an act that is a material element of an offense listed in subsection (a) or (b) that was allegedly committed against the person; and
>>
>> (3) is not otherwise admissible in evidence;
>>
>> is admissible in evidence in a criminal action for an offense listed in subsection (a) or (b) if the requirements of subsection (f) are met.

---

[3] The Protected Person Statute has undergone various amendments throughout the years, but the language at issue here has remained the same.

(f) A statement or videotape described in subsection (e) is admissible in evidence in a criminal action listed in subsection (a) or (b) if, after notice to the defendant of a hearing and of the defendant's right to be present, all of the following conditions are met:

>   (1) The court finds, in a hearing:

>>       (A) conducted outside the presence of the jury; and

>>       (B) attended by the protected person in person or by using closed circuit television testimony as described in section 8(f) and 8(g) of this chapter;

>>       that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability.

>   (2) The protected person:

>>       (A) testifies at the trial; or

>>       (B) is found by the court to be **unavailable as a witness for one (1) of the following reasons**:

>>>           (i) From the testimony of a provider, and other evidence, if any, the court finds that **the protected person's testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate**.

* * * * *

Ind. Code § 35-37-4-6 (emphasis added).

[14] Cole does not challenge the trial court's determination that Victim was a protected person and that Victim's forensic interview provided sufficient indications of reliability; rather, Cole challenges the trial court's finding that Victim was unavailable for trial "because his testimony in the physical presence of [Cole] will cause him to suffer serious emotional distress such that he cannot reasonably communicate." Appellant's App. Vol. II p. 201.

[15] We first note that Cole did not object on this basis when the forensic interview was admitted at trial. Cole objected that Victim was not subject to cross-examination and that admission of the forensic interview would violate his rights of confrontation and due process. Cole made no specific objection regarding Victim's unavailability pursuant to the Protected Person Statute. Accordingly, this issue is waived.[4] *See, e.g.*, *Morgan v. State*, 755 N.E.2d 1070, 1077 (Ind. 2001) (holding that defendant's objection was waived because his argument on appeal was different than his argument at trial); *Zuniga v. State*, 237 N.E.3d 1168, 1172 (Ind. Ct. App. 2024) (holding that, when a party raises an argument on appeal predicated on grounds substantially different from those raised at trial, any allegation of error is waived), *trans. denied*.

---

[4] Cole makes no fundamental error argument.

[16] Waiver notwithstanding, we are unpersuaded by Cole's argument. Cole claims that Victim's serious emotional distress was caused by other factors in Victim's life and that Cole's physical presence would not cause serious emotional distress. Cole argues that "there must be a causal relationship between the emotional distress and the physical presence of the defendant." Appellant's Br. p. 15. The language of the Protected Person Statute, however, does not require that all of the victim's emotional distress be caused by testifying in the physical presence of the defendant, and we decline to require trial courts to parse the various traumatic reasons for a victim's emotional distress.

[17] The State presented clear evidence that Victim experiences severe emotional trauma when discussing any of the sexual abuse he has suffered, including the sexual abuse he suffered at Cole's hands. After merely meeting with the prosecutor to discuss the matter, Victim had five acute stays in mental health facilities. Discussing any sexual abuse is a trigger for Victim and causes Victim to become "extremely physically ill." Tr. Vol. II p. 123. Victim's clinical psychologist had "significant concerns" regarding Victim's ability to testify in front of Cole and the jury. *Id.* at 108. She believed Victim would be triggered by testifying in court.

[18] The State presented sufficient evidence that Victim was unavailable for purposes of the Protected Person Statute because testifying in the physical presence of Cole would cause Victim to suffer serious emotional distress such that Victim could not reasonably communicate. Accordingly, the trial court did

not abuse its discretion by admitting Victim's forensic interview pursuant to the Protected Person Statute.

## Conclusion

[19] The trial court did not abuse its discretion by admitting the forensic interview, and we affirm Cole's conviction for child molesting, a Level 4 felony.

[20] Affirmed.

Weissmann, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Caroline G. Templeton
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana